UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NITRO MANUFACTURING, LLC
d/b/a NITRO RACING PARTS

                *Plaintiff,*

    v.

SCHMIDTY RACING SUSPENSIONS, LLC

                *Defendants.*

**COMPLAINT**

Civil Action No. _____

---

## COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK AND COPYRIGHT NON-INFRINGEMENT

    Plaintiff, NITRO MANUFACTURING, LLC d/b/a NITRO RACING PARTS (hereinafter "NRP"), by and through its undersigned attorneys, seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 against Defendant, SCHMIDTY RACING SUSPENSIONS, LLC (hereinafter "Schmidty Racing") and alleges as follows:

### THE PARTIES

    1.    Plaintiff, Nitro Manufacturing LLC d/b/a Nitro Racing Parts, is a limited liability company organized and existing under the laws of the state of New York, with a principal place of business at 106 Evans Street, Building 4, Hamburg, New York, 14075. Nitro Racing Parts is a division of Nitro Manufacturing LLC.

    2.    Upon information and belief, Defendant Schmidty Racing Suspensions LLC, is a limited liability company organized and existing under the laws of the state of Arizona, with a principal place of business at 8150 E Germann Road, Suite 104, Mesa, Arizona, 85212.

**NATURE OF THE ACTION**

3.  This is a declaratory judgment action seeking a determination that U.S. Trademark Registration No. 7290694 for the mark HIGH VOLUME NITROGEN RESERVOIR END CAP is not infringed; that the mark HIGH VOLUME NITROGEN RESERVOIR END CAP is generic, and that Defendant's alleged copyrights are not being infringed.

**JURISDICTION AND VENUE**

4.  This is an action for declaratory judgment arising under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"); (ii) the Trademark Laws of the United States, 15 USC § 1051 *et seq*. (the "Trademark Act"); (iii) 15 U.S.C. §1125, et seq. (the "Lanham Act"); and (iv) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). This court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

5.  This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has continuous and systematic contacts with the state of New York and this Judicial District, by virtue of its advertising and marketing its goods through its website in this jurisdiction; and, Defendant has affirmatively directed false infringement accusations at Plaintiff in this Judicial District, knowing or expecting its actions to have consequences in this jurisdiction. Defendant's submission to personal jurisdiction would be fair and reasonable.

6.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) and (3) as a substantial part of the events giving rise to the claim occurred in this Judicial District and Defendant is subject to personal jurisdiction in this Judicial District.

**BACKGROUND FACTS**

7. Nitro Manufacturing LLC is a precision machine shop located in Hamburg, New York, just south of Buffalo, New York. Established in 2007, the company specializes in CNC machining, prototyping, and high-volume production for various industries, including aerospace, medical, energy, and commercial manufacturing.

8. Nitro Racing Parts (hereinafter "NRP") operates as a specialized division of Nitro Manufacturing, focused on designing and producing high-performance aftermarket parts for off-road vehicles such as Utility Task Vehicles (UTVs), All-Terrain Vehicles (ATVs), and dirt bikes.

9. Since at least as early as 2017, NRP has marketed and sold high volume reservoir end caps described as "Shock Reservoir HV End Caps" for use with UTVs. A shock reservoir HV (High Volume) end cap is an aftermarket or replacement component used in off-road suspension systems in UTVs, ATVs, dirt bikes, and race trucks to increase the nitrogen gas volume in a shock absorber's external reservoir. The shock reservoir HV end caps are marketed on NRP's website at https://nitroracingparts.com/collections/universal-part as shown here and all marked with NRP's distinctive logo  :



FOX Gen 2, 2.5" Shock Reservoir HV End Caps

FOX Gen 2, 2.0" Shock Reservoir HV End Caps

10. On December 19, 2024, more than seven (7) years after beginning to market and sell its shock reservoir HV end caps, Plaintiff received a cease-and-desist letter from Defendant alleging trademark infringement and copyright infringement arising out of NRP's use of the wording "Shock Reservoir HV End Cap" to describe its products and NRP's related installation instructions (the "December 2024 Schmidty Racing Letter" attached as *Exhibit 1*).

11. In the December 2024 Schmidty Racing Letter, Defendant alleges infringement of its trademark, namely, U.S. Registration No. 7290694 for the mark HIGH VOLUME NITROGEN RESERVOIR END CAP. Defendant appears to be claiming infringement based on the wording on NRP's website as shown below:

**SCHMIDTY RACING**               **NRP**



SRS FOX High Volume Nitrogen Reservoir End Cap

Gen 1 - Fox 2.0", Gen 2 - Fox 2.0", Gen 2 - Fox 2.5"

FOX Gen 2, 2.5" Shock Reservoir HV End Caps

12. U.S. Registration No. 7290694 owned by Schmidty Racing is registered on the Supplemental Register of the U.S. Patent & Trademark Office. The Supplemental Register is intended for trademarks that do not qualify for the Principal Register because they are not

sufficiently distinctive. The Examining Attorney, during prosecution of the application, concluded that the applied-for trademark was "highly descriptive" and not capable of registration on the Principal Register. Further, the USPTO required that the exclusive right to the phrase "RESERVOIR END CAP" be disclaimed as that portion of Defendant's mark was deemed to be generic, or otherwise unregistrable on its own.

13. Defendant also alleged copyright infringement in the December 2024 Schmidty Racing Letter. The claimed copyrighted material was not fully defined in the letter, but, upon information and belief, relates to the installation instructions for Plaintiff's goods. Upon information and belief, the claimed copyright has not been registered with the U.S. Copyright Office as required as a prerequisite to bringing an action for copyright infringement.

14. On February 13, 2025, Defendant sent a second cease-and-desist letter threatening trademark and copyright infringement litigation and demanding payment of $200,000.00 in damages to forestall such litigation (the "February 2025 Schmidty Racing Letter" attached as *Exhibit 2*).

15. Plaintiff responded to these letters on March 3, 2025 (the "March 2025 NRP Letter" attached as *Exhibit 3*) asserting that there was no trademark infringement or copyright infringement and disputing Defendant's monetary demand.

16. On April 14, 2025, Defendant sent a third cease-and-desist letter disputing the facts and law set forth in the March 2025 NRP letter and reiterating its demand for $200,000.00. A copy of the April 14, 2025 letter is attached as *Exhibit 4*.

17. NRP has sold and currently offers its Shock Reservoir HV End Caps for sale and it believes in good faith that its use of the phrase "Shock Reservoir HV End Caps" to describe its

goods does not infringe Defendant's trademark and that its installation instructions for the "Shock Reservoir HV End Caps" do not infringe any copyright rights that Defendant may claim to hold.

18. By virtue of the foregoing and based on the three cease-and-desist letters received from Defendant, the threat of imminent litigation, and the demand for payment of $200,000.00, a substantial controversy exists between the parties that is of sufficient immediacy and concreteness to warrant declaratory relief.

**FIRST CAUSE OF ACTION**
**(Non-Infringement of Trademark)**

19. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 18 of the subject complaint for declaratory judgment.

20. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et. seq.*, the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist from the use of the wording 'Shock Reservoir HV End Cap" to describe its goods, Plaintiff seeks relief from this Court.

21. Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing U.S. Trademark Reg. No. 7290694 for the mark HIGH VOLUME NITROGEN RESERVOIR END CAP owned by Defendant relating to the sale of its "Shock Reservoir HV End Caps."

## SECOND CAUSE OF ACTION
### (Cancellation of Trademark Registration)

22. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 21 of the subject complaint for declaratory judgement.

23. Pursuant to 15 U.S.C. § 1064(3), a registered trademark may be cancelled at any time if the trademark is generic.

24. Plaintiff's mark HIGH VOLUME NITROGEN RESERVOIR END CAP is used in association with "Utility Terrain vehicle (UTV), all-terrain vehicle (ATV) and all terrain cycle (ATC) vehicle suspension parts, namely, suspension shock absorbers in the nature of reservoir end caps."

25. A high-volume nitrogen reservoir end cap is a specialized mechanical component used to securely seal the end of a pressurized nitrogen storage vessel or cylinder.

26. As Defendant's goods are end caps for a nitrogen reservoir, the phrase "high-volume nitrogen reservoir end cap" is generic as the phrase is not unique to a particular source.

27. Plaintiff is entitled to a declaratory judgment that U.S. Trademark Reg. No. 7290694 for the mark HIGH VOLUME NITROGEN RESERVOIR END CAP owned by Defendants is generic, and directing the U.S. Patent & Trademark Office to cancel Schmidty Racing's registration of the HIGH VOLUME NITROGEN RESERVOIR END CAP trademark.

## THIRD CAUSE OF ACTION
### (Non-Infringement of Copyright)

28. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 27 of the subject complaint for declaratory judgement.

29. This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand that Plaintiff cease from use of any alleged copyrighted material owned by Defendant.

30. Upon information and belief, Defendant alleges that Plaintiff has infringed its copyright(s) by using language from Defendant's installation instructions in providing installation instructions for its own products.

31. Under 17 U.S.C. § 411(a), registration of a copyright is required before an infringement lawsuit can be filed in federal court. Upon information and belief, Defendant has not registered any of its claimed copyrights with the U.S Copyright Office.

32. Defendant's installation instructions are functional and contain standard warnings or generic steps and as such are not copyrightable.

33. Based on the above, Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendant relating to its HIGH VOLUME NITROGEN RESERVOIR END CAP.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment awarding it the following relief:

1. An Order declaring that Plaintiff has not infringed U.S. Trademark Registration No. 7290694 for the mark HIGH VOLUME NITROGEN RESERVOIR END CAP owned by Defendant;

2. An Order declaring that Defendant's alleged trademark HIGH VOLUME NITROGEN RESERVOIR END CAP is generic when used in association with its identified goods and therefore lacks the requisite legal requirements to be protectable on either the Principal or Supplemental Register and is thus unenforceable;

3. An Order directing the U.S. Patent & Trademark Office to cancel U.S. Trademark Registration No. 7290694 on the ground that it is generic;

4. An Order declaring that Plaintiff has not infringed any valid copyright owned by Defendant relating to the installation instructions for its "High Volume Nitrogen End Cap" product;

5. An Order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff; and,

6. An Order awarding such other and further relief as this Court deems just and proper.

Dated: May 13, 2025                                    Respectfully submitted,

                                                       **SIMPSON & SIMPSON, PLLC**

                                                       By:   */s/ Ellen S. Simpson*
                                                             Ellen S. Simpson, Esq.
                                                             5555 Main Street
                                                             Buffalo, New York 14221
                                                             (716) 626-1564
                                                             esimpson@idealawyers.com

                                                             *Attorneys for Plaintiff*
                                                             *Nitro Manufacturing, LLC*
                                                             *d/b/a Nitro Racing Parts*